**In re ERMCO ERECTORS, INC., Debtor.**

**ERMCO ERECTORS, INC., Plaintiff/Counterclaim Defendant,**

v.

**OWEN STEEL COMPANY, INC., Defendant/Counterclaimant.**

Bankruptcy No. 885–51916–20.
Adv. No. 886–0029–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Dec. 21, 1986.

234

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of Owen Steel Company, Inc. (Owen Steel) for a determination of whether or not the debtors adversary proceeding is a core proceeding. The court hereby finds the adversary proceeding is a core proceeding.

FACTS

1. On December 9, 1985, the debtor filed a petition for bankruptcy.

2. On January 21, 1986, the debtor filed an adversary proceeding complaint based on a breach of contract against Owen Steel.

3. On February 21, 1986, Owen Steel filed an answer to the debtor's complaint. As an affirmative defense, Owen contends that this court lacks jurisdiction to hear the debtor's complaint, because the complaint concerns a non-core proceeding.

4. On August 13, 1986 Owen moved for a determination of whether or not this is a core proceeding.

DISCUSSION

If this adversary proceeding is a core proceeding, the court must try the case and rule on the merits. Otherwise, the court must refer the case to District Court. 28 U.S.C. § 157(b)(2)(A) says that matters concerning the administration of the bankruptcy estate are core proceedings. In this case, the resolution of the subject claims by the debtor concerns money the estate will have to operate its business and pay creditors. 28 U.S.C. § 157(b)(2)(B) says that estimation of claims or interests for the purposes of confirming a plan is a core proceeding. In this case, the debtor is seeking to estimate claims and interests amounting to millions of dollars—among the largest claims and interests in the estate. No plan can be confirmed without such an estimation. 28 U.S.C. § 157(b)(2)(E) says that orders to turn over property of the estate are core proceedings. In this case, the debtor seeks to compel Owen Steel to turn over large sums of money. Finally, 28 U.S.C. § 157(b)(2)(O) says that other proceedings affecting the adjustment of the debtor creditor relationship are core proceedings. Each of the cited subparagraphs cover this adversary proceeding. Therefore, the court finds that this matter is a core proceeding.

Nonetheless, Owen Steel argues that the definition of core proceeding in 28 U.S.C. § 157 is unconstitutional. Owen relies on *Northern Pipeline v. Marathon*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) which held unconstitutional the power of a non-article III Bankruptcy Court to hear a contract case arising under state law. Fortunately, this court need not add to the confusing case law emerging around *Marathon* and 28 U.S.C. § 157. This court is constrained to follow orders from the District Court, and the District Court issued on August 28, 1986, a standing order that clearly and unambiguously directs this court to hear this case:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————x

In the Matter
of
The Referral of Matters to the
Bankruptcy Judges                    ORDER

————————————————x

WHEREAS 28 U.S.C. § 157(a) provides that each district court may refer any or all cases under Title 11, and any or all proceedings arising under Title 11, or arising in or related to a case under Title 11, it is hereby

ORDERED, that all such cases and proceedings are hereby

referred to the Bankruptcy Judges for this District, and it is further,

ORDERED that this Order shall be given effect nunc pro tunc as of July 10, 1984, and that the prior Orders of this Court dated July 12, 1984, and August 7, 1984, relating to such referral of cases and proceedings are hereby rescinded.

FOR THE COURT

s/s Jack B. Weinstein
Jack B. Weinstein, Chief Judge
United States District Court

DATED: Brooklyn, New York
August 2, 1986

Since the debtor's complaint arises under the Bankruptcy Code and 28 U.S.C. § 157, this court will hear it. Incidentally, I do not believe that bankruptcy court jurisdiction over contract cases is unconstitutional under *Marathon*. Although bankruptcy judges are not Article III judges, the 1984 Amendments to both the Bankruptcy Code and Title 28 of the United States Code, explicitly subject bankruptcy courts to Article III control through the Circuit Courts' powers of appointment, and the District Courts' powers of referral and withdrawal.

SO ORDERED.